Read, J.
It is the settled law in Ohio that the interest of a married woman in real estate can only be transferred in the mode, and by full compliance with the statutory requisitions, prescribed to be pursued and be performed to authorize her to convey. Connell v. Connell, 6 Ohio, 358; Brown v. Faran, 3 Ohio, 140; Carr v. Williams, 10 Ohio, 305; Lessee of Good v. Zercher, 12 Ohio, 364; Meddock v. Williams, 12 Ohio, 386.
In the case of Good v. Zercher, this court decided that the curative act of March 9, 1835, could not give effect to the deed of s\ feme covert, void, as to her, for want of a compliance with the requisitions of the statute, and was, to that extent, unconstitutional and void. We reassert the principles of that case to be of binding constitutional obligation.
Tho-ceriificate of acknowledgment, therefore, not showing that she was made acquainted with the contents of the deed, forms no bar to her recovery.
The remaining question is, whether a court of equity will aid the defective execution so as to bar her claim, upon its being shown dehors the deed that she was acquainted with its contents, and acknowledged the instrument with intent to pass her dower.
A married woman has no legal existence or power to transfer her *104 interest in real estate, except through the statutory *channel. The mode of executing the conveyance confers upon her the power to convey. Where the power exists independent of its mode of execution, and has been defectively executed, it is not a case of want of power, but of defective execution, which a court of equity will aid. But where the power and mode of execution are inseparable, the power resulting from, the mode, and that mode has not been pursued, it is not a case of defective execution, but a want of power, which a court of equity can not aid. Hence, when a married woman attempts to convoy, and lacks power from not pursuing the proscribed mode, courts of equity will not relieve, because to amend the mode is to create the power.
Curative statutes must conform to the same principles, and have constitutional validity only within the same limits. A statute may carry into effect a defective execution of a power, by converting an equitable into a legal estate, but can not give validity to that which is void, for want of power.
Neither the legislature nor courts can create powers, because the creation of a power is the assumption of dominion and control over the disposition of property, without the consent of the owner. Legislative enactments, like courts of equity, can only aid the defective execution of power by persons having capacity to convey, but can not operate where, as in the case of married women, the power itself depends upon a prescribed mode that has not been pursued. Whatever, therefore, the complainant may have intended to do, or whatever knowledge she may have possessed, the jtatutory provisions, from whence alone her power to act was derived, not having been complied with, the act itself is void. So that neither her intentions, nor knowledge shown dehors the deed, can give it validity so as to divest her of any rights, or constitute any equitable bar to her dower.
Demurrer sustained, and d'ecree for complainant.